■ In the Matter of WILLIAM J. SLACK, Appellant, v MARY S. SLACK, Respondent. [625 NYS2d 742] —Crew III, J. Appeal from an order of the Family Court of Franklin County (Rogers, J.), entered October 15, 1993, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, *for modification of respondent's support obligation.*

The parties were divorced in 1984 and have one child, Elizabeth (born in 1973). At that time, the parties apparently agreed that petitioner would have primary physical custody of Elizabeth, with respondent having physical custody during school vacations, and that they each would support Elizabeth during the period of time she resided with them. Thereafter, in 1987, petitioner sought modification of the support obligation, and Family Court ordered respondent to, *inter alia,* provide health insurance for Elizabeth through her employer and contribute $50 per month toward Elizabeth's orthodontic expenses.

In July 1991, petitioner commenced the instant modification proceeding alleging, *inter alia,* that Elizabeth's expenses had increased substantially, as had respondent's income, since entry of the prior order.* Following a hearing, at which the parties appeared and testified, a Hearing Examiner granted petitioner's application and ordered respondent to, *inter alia,* pay biweekly support in the amount of $120. Both parties filed written objections to the Hearing Examiner's decision. Family Court ultimately dismissed petitioner's application, finding that he had failed to demonstrate a change in circumstances warranting modification. This appeal by petitioner followed.

We affirm. As the party seeking modification, petitioner bore the burden of demonstrating a substantial change in circumstances warranting modification in Elizabeth's best interest *(see generally, Matter of Urbach v Krouner,* 213 AD2d 833, 835; *Matter of Valek v Simonds,* 174 AD2d 792, 793). In this regard, the Court of Appeals has held that "[w]hether the evidence adduced * * * shows a change of circumstances sufficient for Family Court to order a modification is a question best left to the discretion of the lower courts, whose primary goal is, of course, to make a determination based upon the best interests of the [child]" *(Matter of Brescia v Fitts,* 56 NY2d 132, 140-141).

Based upon our review of the record as a whole, we agree with Family Court that petitioner failed to make the requisite showing in this matter. Petitioner's testimony regarding Elizabeth's alleged increased expenses is conclusory and is not supported by other evidence in the record. Additionally, as Family Court correctly noted, there is no proof in the record that Elizabeth's needs are not being met at present. Further, although respondent's income has increased, there is support in the record for Family Court's finding that respondent's medical condition places a significant strain upon respondent's actual financial resources. Accordingly, petitioner's application was properly dismissed. The parties' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* A similar modification proceeding was dismissed by Family Court in June 1991.