■ In the Matter of HELEN SCHOLET, Respondent, v G. MICHAEL NEWELL, Appellant. [644 NYS2d 858] —Spain, J. Appeals (1) from an order of the Family Court of Otsego County (Pines, J.), entered January 11, 1995, which, in a proceeding pursuant to Family Court Act article 4, *inter alia,* dismissed as untimely respondent's objections to the Hearing Examiner's dismissal of his petition for modification of a prior order of child support and imposed sanctions against respondent, and (2) from an amended order of said court, entered March 15, 1995, which modified the court's prior order with respect to the payment of sanctions.

In September 1994 respondent, *pro se,* petitioned Family Court for a downward modification of a previous child support order, claiming a change in circumstances. Petitioner answered and moved for dismissal of respondent's petition, as well as counsel fees and sanctions against respondent for frivolous litigation. Following an appearance by the parties the Hearing Examiner, by decision and order entered November 1, 1994, dismissed respondent's petition, reserved decision regarding petitioner's request for counsel fees and recommended to Family Court that sanctions be imposed upon respondent for frivolous litigation. The Hearing Examiner determined that the savings, educational grants and educational loans of the parties' college-aged daughter did not provide a basis for modifying respondent's share of support and that respondent had failed to offer any evidence to support his claims regarding extended visitation and nonmonetary contributions.

At the request of respondent, a stenographer employed at Family Court provided him with a copy of a tape recording of the hearing and, due to a misunderstanding, also provided respondent with a written notice that his deadline to object to the Hearing Examiner's order was extended to December 19, 1994. On December 13, 1994, respondent filed his objections to the Hearing Examiner's order of November 1, 1994. Petitioner filed an affirmation in support of her request for counsel fees, which respondent opposed. Thereafter, the Hearing Examiner entered an order fixing counsel fees.

In January 1995 Family Court dismissed respondent's objections as untimely and sanctioned respondent $500 for frivolous litigation. By amended decision and order entered in March

1995, Family Court ordered that the sanctions be paid within 30 days. Respondent appealed both orders of Family Court and this Court granted a motion for consolidation of the appeals.*

We affirm. Initially, however, we find merit to respondent's contention that Family Court erred in dismissing as untimely his objections to the order of November 1, 1994 (*see*, Family Ct Act § 439 [e]). In our view, respondent correctly and understandably relied on a written notice from Family Court on which appears the title of the proceedings, which is signed by a court employee on behalf of the Clerk of the Family Court and which states that "the time for the respondent to file the written objection has been extended to December 19, 1994". Accordingly, we will review the record and address the merits of respondent's modification petition.

Pursuant to Domestic Relations Law § 236 (B) (9) (b), a party is entitled to a modification of a child support award if it can be demonstrated that there has been a substantial change in circumstances (*see, Matter of Boden v Boden*, 42 NY2d 210). It is incumbent upon the movant to demonstrate that there has been a change in financial circumstances which necessitates a reduction in the award of child support. Further, if the movant fails to raise issues of material fact the court may dispense with an evidentiary hearing and dismiss the petition (*see, Trainor v Trainor*, 188 AD2d 461; *Smith v Smith*, 174 AD2d 818). Here, respondent's modification petition is based upon, *inter alia*, the child's summer-time earnings, a college grant that was awarded the child, college loans secured by the child, extended visitation to respondent's home, a car accident resulting in greater expenses to respondent and the fact that respondent's income is less than petitioner's income. These unsubstantiated and conclusory allegations are without merit and individually, as well as collectively, fail to raise any material issue requiring a hearing (*see, Trainor v Trainor, supra*). While Family Court may consider a child's resources in determining the level of support (*see*, Family Ct Act § 413 [1] [f] [1]), absent a showing of need the child should not be forced to diminish his or her assets (*see, Matter of Alice C. v Bernard G. C.*, 193 AD2d 97, 106). Clearly, respondent failed to sufficiently allege that a change in circumstances occurred between the date of the order from which he sought modification and the date he petitioned for modification (*see, Klapper v Klapper*, 204 AD2d 518, 519; *Rosen v Rosen*, 193 AD2d 661, 662).

Finally, we conclude that the record supports Family Court's

---

* Petitioner did not file a brief on appeal.

imposition of sanctions and counsel fees. 22 NYCRR 130-1.1 (c) states, in pertinent part, that:

"conduct is frivolous if:

"(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law."

Respondent's continued attempt to seek relief from a previous stipulation and order was duly noted by Family Court. His latest attempt was facially insufficient and completely without merit. Family Courts, which are already overburdened, must not be subjected to such frivolous litigation and sanctions are the proper vehicle to discourage such frivolity (*see, Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, 223 AD2d 995; *Watson v City of New York*, 178 AD2d 126, 127-128).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and amended order are affirmed, without costs.