In the Matter of WENDY HANEHAN, Respondent, v BRIAN HANEHAN, Appellant. [687 NYS2d 467] —Crew III, J. Appeals (1) from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered November 21, 1997, which, *inter alia*, dismissed respondent's application, in a proceeding pursuant to Family Court Act article 6, for joint legal custody of the parties' minor children, (2) from an order of said court, entered April 27, 1998, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of his child support obligation, and (3) from an order of said court, entered June 5, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, for an order of protection.

The parties were married in 1992 and have two children, Ryan (born in 1993) and Dylon (born in 1995). In July 1995, respondent was charged with, *inter alia*, endangering the welfare of a child following an incident wherein he struck petitioner while she was holding Dylon, then 19 days old. In October 1995, petitioner left the marital residence and apparently was awarded temporary custody of the parties' minor children. Thereafter, in April 1996, the parties entered into a stipulation, subsequently incorporated into a Family Court order entered August 16, 1996 (James, J.), pursuant to the terms of which petitioner was granted sole custody; respondent was granted specified visitation with the children and agreed to pay child support in accordance with the Child Support Standards Act (Domestic Relations Law § 240 [1-b]).

In September 1996, petitioner filed a violation petition contending that respondent had failed to pay his pro rata share of day-care expenses. The parties agreed to submit the dispute to mediation and, in February 1997, executed a mediation agreement governing, *inter alia*, child support and day-care expenses. The following month, however, respondent cross-petitioned for a downward modification of his child support obligation. Additionally, respondent sought modification of the

August 1996 custody order by requesting joint legal custody of the minor children.

A trial as to the issue of custody was conducted in September 1997 and, by order entered November 21, 1997, Family Court dismissed that portion of respondent's application seeking joint legal custody of the children, finding that respondent had failed to demonstrate a change in circumstances sufficient to warrant modification and, further, that the parties' acrimonious relationship precluded an award of joint custody in any event. Shortly thereafter, petitioner filed a family offense petition against respondent. A trial on this petition was conducted in June 1998, at the conclusion of which Family Court determined that respondent's behavior constituted disorderly conduct within the meaning of Penal Law § 240.20 and, accordingly, issued an order of protection. In the interim, in January 1998, a hearing was conducted with respect to respondent's application for a downward modification of his child support obligation. The Hearing Examiner found that there had been little change in respondent's expenses since entry of the August 1996 order and, accordingly, dismissed the petition. Family Court denied respondent's subsequent objections to the Hearing Examiner's decision and these appeals by respondent ensued.

As a starting point, we note that the underlying order of protection expired by its own terms on December 4, 1998. Accordingly, respondent's appeal from the June 5, 1998 order is dismissed as moot (see, Matter of Jafri v Jafri, 203 AD2d 648, lv denied 84 NY2d 806). Moreover, were we to reach the merits, we would conclude that Family Court's disposition in this matter was in all respects proper.

Turning to the issue of child support, it was incumbent upon respondent, as the party seeking modification, to demonstrate a substantial change in circumstances warranting modification (see, Matter of Scholet v Newell, 229 AD2d 621, 622; Matter of Slack v Slack, 215 AD2d 798, 799). This respondent failed to do. Despite respondent's conclusory assertions to the contrary, the record as a whole fails to support his claim that he incurred extraordinary visitation expenses following the entry of the August 1996 order. Indeed, respondent conceded at the hearing that, with the exception of his transportation expenses, there had not been any increase in his expenses due to his "added possessory time" with the children. Under such circumstances, we cannot say that the Hearing Examiner and Family Court erred in dismissing respondent's application for a downward modification of his child support obligation.

We reach a similar conclusion with respect to Family Court's

dismissal of respondent's application for joint legal custody of the parties' minor children. Assuming, without deciding, that respondent indeed demonstrated a sufficient change in circumstances to warrant modification in the best interest of the children (*see generally*, *Matter of Morgan v Becker*, 245 AD2d 889, 890), the record before us makes it abundantly clear that joint legal custody simply is not a viable option for petitioner and respondent. In this regard, respondent testified at trial that his relationship with petitioner had "totally broken down" and that petitioner was "not communicating with [him] at all" at that point in time. Such testimony, coupled with the previous history of violence between the parties and the recommendations made by the Law Guardian and the court-appointed psychologist who evaluated the parties, fully supports Family Court's denial of respondent's application for joint custody. Respondent's remaining contentions, to the extent not previously addressed, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered November 21, 1997 is affirmed, without costs. Ordered that the order entered April 27, 1998 is affirmed, without costs. Ordered that the order entered June 5, 1998 is dismissed, as moot, without costs.