■ In the Matter of DOUG KNIPPLE, Appellant, v MILDRED FLANIGAN, Respondent. [696 NYS2d 273] —Yesawich Jr., J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered September 29, 1998, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a modification of a prior order of child support.

On March 10, 1998, the parties agreed to a modified visitation order which increased petitioner's visitation by allowing him to care for their son when he was not in school. Thereafter, petitioner, acting *pro se*, sought a downward modification of his support obligation, asserting that the increased visitation arrangement, among other things, constituted a change in circumstances. When the Hearing Examiner, on respondent's motion, dismissed the application without a hearing, concluding that petitioner had not established his right to a modification of his support obligation, and Family Court denied petitioner's objections to the Hearing Examiner's determination, this appeal followed.

We affirm. Modification of a child support award can be had if there has been a substantial change in circumstances (*see,* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Hanehan v Hanehan*, 260 AD2d 685, 686; *see also, Matter of Scholet v Newell*, 229 AD2d 621, 622). That petitioner's visitation has been increased—apparently the child now spends 40% of his time with petitioner and 46% with respondent—does not per se dictate a downward modification. Indeed, the financial obligation of the noncustodial parent must be computed irrespective of the amount of visitation, and then adjusted only if the amount is determined to be unjust or inappropriate due to one or more of the factors identified by Family Court Act § 413 (1) (f) (*see, Bast v Rossoff*, 91 NY2d 723, 729; *Matter of Fernandez v Fernandez*, 256 AD2d 901). On this record no adjustment is called for. It appears that to take advantage of increased visitation with his son, petitioner gave up a part-time coaching position which paid him $2,250 per year. This loss of income did not work a substantial change in his financial situation, as it was offset by the fact that his obligation for the child's after-

school care was effectively eliminated because of his increased visitation. As petitioner failed to raise a genuine issue regarding whether he experienced a substantial change of circumstances, Family Court cannot be faulted for dispensing with an evidentiary hearing (see, Matter of Scholet v Newell, supra, at 622; see also, Trainor v Trainor, 188 AD2d 461).

We have reviewed petitioner's remaining arguments and find them to be without merit.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.