■ In the Matter of WENDY HANEHAN, Respondent, v BRIAN HANEHAN, Appellant. [703 NYS2d 817] —Crew III, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered February 9, 1999, which, *inter alia*, in a proceeding pursuant to Family Court Act article 4, directed respondent to pay child support.

The relevant facts are more fully set forth in our prior decision in this matter (*see*, 260 AD2d 685). Briefly, in April 1996, the parties entered into a stipulation, subsequently incorporated into a Family Court order entered August 16, 1996 (James, J.), pursuant to the terms of which petitioner was granted sole custody of the parties' two minor children and respondent was directed to pay child support in accordance with the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA). The April 1996 stipulation further provided,

insofar as is relevant to the instant appeal, that respondent would pay his pro rata share of day care expenses.

In September 1996, petitioner filed a violation petition alleging that respondent had failed to pay his pro rata share of day/child care expenses and, in March 1997, respondent cross-petitioned for, *inter alia*, a downward modification of his child support obligation. Thereafter, in May 1997, the parties entered into a stipulation, wherein they agreed to waive the CSSA insofar as it related to respondent's pro rata share of child care expenses and fixed respondent's obligation in this regard at $330 per month. Petitioner also agreed to waive any and all arrearages. The stipulation, which was reduced to a Family Court order entered July 3, 1997, resolved petitioner's violation petition, and the relief sought by respondent ultimately was denied (*see*, 260 AD2d 685, *supra*).

In August 1998, petitioner commenced the instant proceeding seeking an upward modification of respondent's child support obligation. Petitioner also sought to have respondent pay for child care on a pro rata basis. Respondent answered and cross-petitioned for a downward modification of his child support obligation. The matter proceeded to a hearing in December 1998, at which both parties appeared *pro se*. With respect to child support, the Hearing Examiner directed that respondent pay child support in the amount of $233 per week effective August 14, 1998—the date of petitioner's application. As to respondent's obligation to pay child care expenses, the Hearing Examiner voided the parties' May 1997 stipulation and ordered respondent to pay 60% of such costs, representing his pro rata share thereof under the CSSA. Family Court denied respondent's subsequent objections to the Hearing Examiner's decision, prompting this appeal.

As a starting point, we reject respondent's assertion that the Hearing Examiner erred in the calculation of respondent's child support obligation. Although not entirely clear from the record, it appears that the amount of support initially awarded ($180 per week) was not calculated in compliance with the CSSA as required by the terms of the parties' April 1996 stipulation. Hence, by increasing respondent's support obligation to $233 per week, the Hearing Examiner was not, as respondent contends, awarding petitioner additional child support despite her failure to demonstrate a change in circumstances sufficient to warrant modification but, rather, was simply correctly computing the amount of support to which petitioner was entitled and that respondent had agreed to pay.

We reach a contrary conclusion, however, with respect to the

Hearing Examiner's decision to void the parties' May 1997 stipulation fixing respondent's contribution to child care costs at $330 per month. The stated reason for the Hearing Examiner's decision—the inability of the parties to agree and the multitude of petitions previously filed—is not a proper ground for voiding a written stipulation of settlement (*see generally, Matter of Graham*, 238 AD2d 682, 685 [stipulation of settlement will not be disturbed absent a showing of fraud, overreaching, mistake or duress]). Additionally, the record reflects that petitioner did not demonstrate a substantial change in circumstances warranting modification of the previously agreed-upon figure (*see, e.g., Matter of Slack v Slack*, 215 AD2d 798, 799). Accordingly, that portion of Family Court's order directing respondent to reimburse petitioner for 60% of her child care expenses cannot stand.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed respondent to reimburse petitioner for 60% of the child care costs incurred for the parties' minor children; respondent's obligation in this regard is fixed at $330 per month in accordance with a July 3, 1997 order of the Family Court of Saratoga County; and, as so modified, affirmed.