PER CURIAM.
This is a non-final appeal from an order enjoining appellant from appearing pro se in the proceedings below involving his former wife’s motion for modification of child support.
We agree with the trial court that certain of appellant’s pleadings were “repetitious and frivolous ... thereby diminishing the ability of the court[ ] to devote [its] finite resources to the consideration of legitimate claims.” State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (citations omitted).
Nonetheless, we find that the trial court abused its discretion by imposing too broad a sanction. This is a family law case where appellant is not the one seeking *442 relief. This fact distinguishes this case from Rodriguez-Diaz v. Abate, 613 So.2d 515, 516 (Fla. 3d DCA 1993), where the third district upheld a trial court’s injunction against a plaintiffs pro se prosecution of a tort action. Moreover, as the Florida Supreme Court has recognized, in many family law cases, at least one party appears pro se:
Reports submitted to the Office of State Courts Administrator by the circuits of this state reflect that, on average, sixty-five percent of all family law cases have at least one unrepresented party.... Our goal must be to simplify the process. Otherwise, we deny many citizens meaningful and affordable access to the courts, particularly when so many of them are self-represented.
In re Amendments to the Florida Family Law Rules, 713 So.2d 1, 2 (Fla.1998). The injunction totally denied appellant the opportunity to defend against his former wife’s motion for modification unless he hired an attorney. Even the extreme remedy of entering a default as a sanction in a civil case does not go as far as the injunction here; a defaulted defendant still has the opportunity to litigate the issue of damages.
Other remedies were available that would not have had the effect of denying appellant the opportunity to defend against his former wife’s motion for modification. For example, the court might have imposed page limits on appellant’s motions or stricken offensive pleadings. In McAliley v. McAliley, 704 So.2d 611, 613 (Fla. 4th DCA 1997), we held that “[ajttorney’s fees may be awarded as a punitive measure where a spouse in a domestic relations case institutes frivolous non-meritorious claims that contribute to unnecessary legal expenses, costs and a delay of the proceedings.” (Citations omitted). See Scholet v. Newell, 229 A.D.2d 621, 644 N.Y.S.2d 858, 860-61 (1996) (where court approved an award of attorney’s fees and a $500 sanction against a former husband who repeatedly filed meritless, successive pro se motions seeking relief from a stipulated order). In In re Marriage of Giordano, 57 Wash.App. 74, 787 P.2d 51, 53 (1990), the court approved the trial court’s imposition of a “moratorium” against the filing of post-dissolution motions until after a trial had been held on a separate issue. The appellate court found that it was within the trial court’s authority to impose reasonable restrictions to prevent further abuse of the court, noting that the moratorium did not amount to a “total denial” of access. See id. at 54.
For these reasons, we quash the injunction and remand to the trial court for further proceedings consistent with this opinion.
KLEIN, GROSS and TAYLOR, JJ„ concur.