■ In the Matter of BRAD J. MULLIGAN, Respondent, v KELLY MULLIGAN, Appellant. [737 NYS2d 435] —Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Hall,

---

J.), entered October 26, 2000, which, inter alia, dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior child support order.

Petitioner is the biological father and respondent is the biological mother of two children, born in October 1992 and July 1994. In 1996, the parties stipulated to an order of custody which provided for joint legal custody of the children with primary physical custody to petitioner.[1] A separate order of child support directed respondent to pay child support of $55 per week and directed petitioner to provide health insurance benefits for the children, with uncovered medical expenses to be divided equally between the parties. In 1998, respondent began providing health insurance benefits for the children because her health insurance provided better coverage at significantly less cost. According to respondent, the parties agreed that petitioner would pay the total cost of respondent's health insurance premium to satisfy his obligation to provide health insurance benefits for the children as required by the child support order.

In October 1999, petitioner filed a support violation petition alleging that respondent had missed child support payments. The following day, respondent filed a support violation petition based on petitioner's failure to provide health insurance for the children and a support modification petition alleging, as the only change of circumstances, that she was out of work on unpaid maternity leave. Prior to the hearing held in July 2000, respondent returned to part-time work.[2] At the conclusion of the hearing, at which proof was taken of changes of circumstances not alleged in the petition, the Hearing Examiner determined that no willful violation had been committed by either party, but he also concluded that "pertinent changes in circumstances * * * have come to pass since the 1996 order" warranting termination of respondent's child support obligation.[3] Petitioner filed timely objections with Family Court resulting in the reinstatement of respondent's child support

---

1. The order of custody was subsequently modified by an April 2000 order of Family Court, on consent of the parties, increasing respondent's overnight periods with the children.

2. While respondent chose to return to work on a part-time basis only, the Hearing Examiner found that this was not a basis for altering a child support obligation and calculated the parties' child support obligation (see, n 3, infra) based on respondent's full-time wages.

3. The Hearing Examiner found a combined parental income of $54,697, a basic child support obligation of $13,674, and a weekly child support obliga-

obligation of $55 per week and a direction to pay arrears. Respondent appeals, and we affirm.

Upon our review of the record, including respondent's proof in support of her new claims of changes of circumstance, we agree with Family Court that respondent failed to meet her burden of demonstrating a substantial change in circumstances warranting any modification of her child support obligation (*see, e.g., Matter of Knipple v Flanigan*, 265 AD2d 618, *lv denied* 94 NY2d 761; *Matter of Hanehan v Hanehan*, 260 AD2d 685, 686; *Matter of Slack v Slack*, 215 AD2d 798, 799). A review of the terms of the 1996 and the 2000 custody orders reveals that respondent's possessory time with the children actually decreased after April 2000 despite an increase in her overnight visitation. Moreover, respondent's assertion that since April 2000 she is now providing 10 more meals per month is insufficient proof to support a conclusion that her expenses incurred for the care of the children have substantially increased (*see, Matter of Knipple v Flanigan, supra* at 618; *see also*, Family Ct Act § 413 [1] [f]; *Matter of Spoor v Spoor*, 276 AD2d 887, 889). Additionally, respondent's payment of health insurance premiums does not constitute a change of circumstances.[4] Petitioner remains obligated under the support order to provide health insurance benefits for the children and that obligation may be enforced.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

tion of $174 (66%) for petitioner and $89 (34%) for respondent (*see*, Family Ct Act § 413 [1] [c]).

4. Notably, respondent paid health insurance premiums of $754.72 in 1998, $533.40 in 1999 and $388.47 in 2000, but did not object to the Hearing Examiner's finding that petitioner did not willfully violate the 1996 support order.