■ In the Matter of GINA L. BLASDELL, Appellant, v DUSTIN STEINER, Respondent. (And Another Related Proceeding.) [788 NYS2d 688]—

Carpinello, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered April 11, 2003, which,

inter alia, partially granted petitioner's application, in two proceedings pursuant to Family Ct Act article 4, for modification of a prior child support order.

In August 2002, petitioner sought to modify an August 2000 child support order that directed respondent to pay $98 per week for their child, a daughter now almost six years old. The primary change in circumstances alleged in the petition concerned the child's full-time enrollment in preschool and aftercare. She also requested, among other relief, a cost of living increase. In a separate proceeding, petitioner had also filed a violation petition claiming that respondent violated a health insurance provision of the August 2000 order.

Although petitioner was successful in obtaining some of the requested relief following a hearing before a Support Magistrate, Family Court, upon objections filed by both sides, ultimately ruled that petitioner failed to show a substantial change in circumstances warranting an increase in child support and failed to prove entitlement to a cost of living adjustment. The court did order that the childcare expenses be shared on a pro rata basis, namely, 54% to respondent and 46% to petitioner. Petitioner appeals, and we now affirm.

Other than asserting that the child was enrolled in preschool and aftercare, petitioner did not allege any change of circumstances, let alone a substantial change in circumstances, sufficient to warrant an upward modification of child support (*see e.g. Matter of Mulligan v Mulligan*, 291 AD2d 677, 679 [2002]; *Matter of Slack v Slack*, 215 AD2d 798, 799 [1995]). Thus, that portion of her petition requesting an increase in child support itself was properly denied. Petitioner did successfully demonstrate that, because she was working full time, the expenses associated with the child's enrollment in preschool and aftercare should be allocated between the parties on a pro rata basis under Family Ct Act § 413 (1) (c) (4) (*see Matter of Lewis v Redhead*, 5 AD3d 600, 601 [2004]).

To this end, for the purpose of determining each parties' pro rata share of these expenses (as well as unreimbursed health care expenses), Family Court properly imputed income to petitioner, who holds a law degree and operates a solo practice at the rate of $100 per hour. The court was not bound by petitioner's claim that she only grosses $26,252 annually (*see Matter of Lutsic v Lutsic*, 245 AD2d 637 [1997]; *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [1994]). Notably, the court specifically found that "petitioner's testimony was evasive with regard to her income, household and office expenses, hours worked and the financial help she receives from her family."

Thus, we find no error in the court's decision to impute an annual adjusted gross income of $40,219.* Nor was petitioner entitled to a cost of living adjustment in this proceeding (see Family Ct Act § 413-a; Social Services Law § 111-n).

Finally, Family Court did not err in refusing to find respondent in willful violation of the August 2000 order insofar as it pertained to health insurance coverage. Petitioner failed to prove that respondent had health insurance available to him through his employer at a reasonable cost which would benefit the child. Thus, her violation petition was properly dismissed (see generally Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

* This figure was derived by imputing income in the amount of $25 per hour (see County Law § 722-b) for a 40-hour work week with four weeks annual vacation minus certain business expenses. Given petitioner's education and experience, this was entirely reasonable.