◼ CHRISTIAN KAYEMBA, Appellant, v KIMBERLY KAYEMBA, Respondent. [846 NYS2d 801]—

Lahtinen, J. Appeal from an order of the Supreme Court (Teresi, J.), entered February 12, 2007 in Albany County, which denied plaintiff's motion for, among other things, modification of a prior support order.

The parties, parents of children born in 1997 and 1999, divorced in 2000 and, as noted in our prior decision (*Kayemba v Kayemba*, 309 AD2d 1045, 1045-1046 [2003]), they entered into a stipulation as to child support and spousal maintenance that was incorporated in the judgment of divorce. A March 2004 order modified the maintenance obligation by reducing it from $424 per month to $166, but child support remained at essentially the same level as in the stipulation. A December 2004 order, while continuing the same amount for child support, permitted plaintiff to pay it twice monthly as opposed to biweekly so as to coincide with the pay schedule at his job. In September 2006, plaintiff, proceeding pro se, sought to modify the support order of December 2004 and the maintenance order of March 2004. Supreme Court denied the application without a hearing. Plaintiff appeals.

Plaintiff contends that Supreme Court erred in requiring him to set forth factual allegations of an unanticipated and unreasonable change of circumstances before considering his application to reduce child support. Since this record does not include a prior judicial order modifying in any meaningful way the stipulated support obligation, plaintiff, as the party seeking modification, had "the burden of establishing that the agreement was unfair when made or that there has been an unanticipated and unreasonable change in circumstances giving rise to a concomitant unmet need" (*Matter of McCluskey v Howard*, 12 AD3d 878, 878 [2004]; *see Matter of Ianniello v Fox*, 33 AD3d 1094, 1095 [2006]). Plaintiff's factual allegations are insufficient and, accordingly, Supreme Court properly denied support modification without a hearing (*see Matter of Nuchereno v Pecora*, 278 AD2d 944, 944 [2000]; *Matter of Knipple v Flanagan*, 265 AD2d 618, 618-619 [1999], *lv denied* 94 NY2d 761 [2000]).

We find merit, however, in plaintiff's contention that he alleged adequate facts for a hearing on his application to reduce maintenance. The amount of maintenance in the stipulation that was incorporated in the divorce judgment was previously reduced considerably. Plaintiff alleges in the current application

that defendant's salary has continued to increase significantly and that, as a head nurse at a hospital, her annual compensation exceeds his. Under such circumstances, a hearing as to whether there has been a substantial change of circumstances and, if so, whether there should be a reduction in maintenance is appropriate (*see Dowdle v Dowdle*, 114 AD2d 699, 700 [1985]; *see also Stricos v Stricos*, 309 AD2d 1047, 1048-1049 [2003]).

The remaining arguments have been considered and found unavailing.

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's motion seeking a modification of maintenance; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.