Dutcher v Ronelli-Dutcher (2020 NY Slip Op 00336)





Dutcher v Ronelli-Dutcher


2020 NY Slip Op 00336


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

527483

[*1]Shawn Michael Dutcher, Respondent,
v
Theresa Marie Ronelli-Dutcher, Appellant.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Theresa Marie Ronelli-Dutcher, Livingston Manor, appellant pro se.
Orseck Law Offices PLLC, Liberty (Kirk O. Orseck of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (McGuire, J.), entered August 24, 2018 in Sullivan County, which granted plaintiff's motion to, among other things, modify a child support obligation.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) are the parents of four children (born in 2005, 2008 and 2010) and, at all times relevant, they resided together in the marital residence. In July 2017, a judgment of divorce on consent was entered between the parties which incorporated, but did not merge, a May 19, 2017 in-court stipulation of settlement. As relevant here, the stipulation provided that the parties were to sell the marital residence and that, pending the sale, the husband was to have exclusive occupancy effective June 1, 2017. However, a condition precedent to the husband's exclusive occupancy was a payment by the husband to the wife of $12,500 [FN1] by June 1, 2017 to facilitate the wife and the children's move. It was explicitly stated on the record that, without that payment, the wife could not vacate the residence. Also pursuant to the stipulation, the husband was directed to pay $578 in child support biweekly effective June 2, 2017. Supreme Court retained jurisdiction for the purposes of enforcing certain provisions of the stipulation, including those regarding child support.
The parties appeared before Supreme Court numerous times concerning various issues regarding compliance with the stipulation. Many of these issues stemmed from the wife and children continuing to reside in the marital residence after June 1, 2017 and the failure of the husband to pay the wife the $12,500. In August 2018, the husband filed an order to show cause seeking, among other things, a reduction in his biweekly child support from $578 to $400. The wife filed an affidavit opposing the requested relief, and a brief nonevidentiary hearing was held. Supreme Court, among other things, reduced the husband's child support payments from $578 biweekly to $578 monthly, retroactive to April 1, 2018,[FN2] and ordered that the reduced payments would revert to biweekly once the wife and children moved out of the home. The wife appeals.
The wife contends that Supreme Court erred in reducing the husband's child support obligation. "A party seeking a downward modification of his or her . . . child support obligation[] set forth in a judgment of divorce must establish a substantial change in circumstances" (Matter of Roberts v Roberts, 176 AD3d 1226, 1227 [2019] [citations omitted]; see Family Ct Act §§ 466 [c] [1]; 451 [3] [a]). A thorough review of the record reveals that, in his order to show cause, the husband failed to allege any change in circumstances to warrant a reduction in his child support obligation (see Matter of Blasdell v Steiner, 14 AD3d 898, 898 [2005]; Matter of Mulligan v Mulligan, 291 AD2d 677, 679 [2002]). Moreover, there was no testimony at the hearing about change in circumstances, nor did the court cite any change in circumstances in its order reducing the child support. Although the husband based his request upon the wife and the children continuing to reside in the marital residence, he failed to allege that this was a change in circumstances. Even if we were to consider this as a change in circumstances, we note that, as of the filing of the August 2018 order to show cause, the husband had not yet fulfilled the condition precedent of paying the wife the full $12,500 to facilitate her move.[FN3] The wife's remaining contention, that Supreme Court erred in ordering the reduction in the child support retroactive to April 1, 2018, has been rendered academic by this determination.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as reduced plaintiff's child support obligation effective April 1, 2018; matter remitted to the Supreme Court for a determination of any arrears due defendant; and, as so modified, affirmed.



Footnotes

Footnote 1: This money was to be credited against the wife's share of the proceeds at the time the marital residence was sold.

Footnote 2: It is not entirely clear from the record why Supreme Court used April 1, 2018 as the effective date of the reduction. We do note, however, that there was an April 2018 order of Supreme Court, which directed that the marital residence be sold to the husband for $235,000. The order also directed that the husband was to pay the wife $12,500, at which time the wife was to transfer her ownership interest in a vacant parcel of land to the husband.

Footnote 3: On May 1, 2018, the husband's attorney sent the wife a check for $11,000, stating that she would not be paid the remaining $1,500 until May 11, 2018, provided that she had vacated the marital residence by that date.