OPINION OF THE COURT
Anthony F. Bonadio, J.
The respondent, by his attorney, has filed an objection to *707 the hearing examiner’s denial of his motion to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]).
Family Court Act § 439 (e) provides in part that the "determination of a hearing examiner shall include findings of fact and a final order * * * The parties may submit to a judge within thirty days after entry of the order specific written objections to such order * * * The final order of a hearing examiner, after objections have been reviewed by a judge, may be appealed pursuant to article eleven of this act” (emphasis added). We hold that no objection as of right lies from an interlocutory order* denying a motion to dismiss a support proceeding. An objection to the final order may bring up for review "any non-final judgment or order which necessarily affects the final judgment” (CPLR 5501 [a] [1]; see also, Family Ct Act § 1112 [a] [generally limiting appeals as of right to dispositional (i.e., final) orders]).
Assuming, arguendo, that the court may entertain the objection as a matter of discretion, I decline to do so.
The objection is dismissed, with leave to renew on an objection to the final order.

 No order denying the motion to dismiss has been entered. In view of (a) the recent amendments to Family Court Act § 439 and related sections (see, L 1985, ch 809, eff Nov. 1, 1985) and (b) the fact that a hearing is scheduled for April 7, 1986, we address the propriety of filing objections to interlocutory "orders”, rather than hold or dismiss the objection pending entry of an order. Petitioner shall submit an order denying the motion with the order dismissing the objections prior to April 7, 1986.