OPINION OF THE COURT
Bryan Hedges, J.
The respondent, by his attorney, has filed an objection to the Hearing Examiner’s denial of his motion pursuant to CPLR 3211 (a) (8) to dismiss for lack of personal jurisdiction.
*489 Family Court Act § 439 (e) provides in part that the "determination of a hearing examiner shall include findings of fact and a final order * * * Specific written objections to such [final] order may be submitted by either party to the court * * * The final order of a hearing examiner, after objections * * * have been reviewed by a judge, may be appealed pursuant to article eleven of this act” (emphasis added). An appeal from the final order may bring up for review "any non-final judgment or order which necessarily affects the final judgment” (CPLR 5501 [a] [1]).
No objection as of right lies from an interlocutory order denying a motion to dismiss a paternity proceeding. (Matter of Dunbar v Hunter, 131 Misc 2d 706; see also, Family Ct Act § 1112 [a] [generally limiting appeals as of right to dispositional orders].) As such, respondent’s objection to the Hearing Examiner’s interlocutory order is hereby dismissed, with leave to renew on an objection to the final order.