OPINION OF THE COURT
John F. O’Donnell, J.
The respondent has filed objections to a Hearing Examiner’s denial of his motion to dismiss the petition herein. The petitioner has filed a rebuttal alleging, inter alia, that objections are premature and must await a decision by the Hearing Examiner on the merits of the petition.
The parties hereto were divorced in April 1982. The judgment of divorce incorporated, but did not merge, an agreement of the parties executed in September 1980. Pursuant to that agreement, respondent is obligated to pay maintenance in the amount of $18,000 annually. This amount may be adjusted downward but not during periods when the petitioner is totally unemployed. The petition filed in this court in September 1994 alleges that a change in circumstances has occurred which requires an increase in the maintenance payments. Petitioner alleges that deteriorating health makes it difficult for her to perform employment duties and she also alleges that her income is insufficient.
Respondent moved to dismiss the petition on the grounds that Family Court lacks jurisdiction, and that petitioner has not alleged sufficient grounds to require a hearing. The Hearing Examiner denied the motion after argument, and scheduled a hearing.
The court is aware of cases prohibiting the filing of objections prior to completion of matters before a Hearing Examiner. (See, Matter of Burry v Raisbeck, 159 Misc 2d 488 [Fam Ct, Onondaga County 1993, Hedges, J.]; Matter of Dunbar v Hunter, 131 Misc 2d 706 [Fam Ct, Monroe County 1986, Bonadio, J.].) This court agrees with those decisions insofar as they hold that no right to file objections to interlocutory orders exists. I respectfully disagree insofar as those cases would forbid the filing of such objections. The statute is silent as to whether objections may be filed from interlocutory orders. Where, as in the instant case, denial of a right to file objections could lead to irreparable harm, the court must exercise its discretion to permit such filing.
The Hearing Examiner erred in denying the dismissal motion. Petitioner certainly has the right to prove that she is *514 suffering from "extreme hardship” as defined by Domestic Relations Law § 236 (B) (9) (b). Any modification of respondent’s maintenance obligation based upon a finding of extreme hardship will constitute a change of the contract between the parties (Busetti v Busetti, 108 AD2d 769). Family Court is without jurisdiction to order such a modification (Kleila v Kleila, 50 NY2d 277). If such a modification is warranted, it may be granted only by Supreme Court (Plumb v Plumb, 159 Misc 2d 880).
Therefore, the decision of the Hearing Examiner is set aside and the petition is dismissed.