OPINION OF THE COURT
Anthony J. Sciolino, J.
The above-named petitioner, pursuant to the provisions of *358 section 439 of the Family Court Act, has filed written objections to the temporary order of the Hearing Examiner.
The court has reviewed the pleadings and written objections and the tape recorded hearing and finds as follows:
The petitioner in this matter has filed objections to the temporary order of the Hearing Examiner. Family Court Act § 439 (e) states: "The determination of a hearing examiner shall include findings of fact and a final order which shall be entered and transmitted to the parties. Specific written objections to such order may be submitted by either party to the court within thirty days after entry of the order * * * The final order of a hearing examiner, after objections and the rebuttal, if any, have been reviewed by a judge, may be appealed pursuant to article eleven of this act.”
There is no statutory provision for objection to a temporary order. The Family Court in Monroe County dealt with a similar issue in Matter of Dunbar v Hunter (131 Misc 2d 706, 707 [Fam Ct, Monroe County 1986]) and held "that no objection as of right lies from an interlocutory order denying a motion to dismiss a support proceeding. An objection to the final order may bring up for review 'any non-final judgment or order which necessarily affects the final judgment’ ” (citations omitted). The court further stated "[assuming, arguendo, that the court may entertain the objection as a matter of discretion, I decline to do so.”
The Family Court of Onondaga County reached a similar conclusion in Matter of Burry v Raisbeck (159 Misc 2d 488 [Fam Ct, Onondaga County 1993]). The court in that instance concluded as well that no objection as of right lies from an interlocutory order.
Family Court Act § 1112 (a) states: "An appeal may be taken as of right from any order of disposition and, in the discretion of the appropriate appellate division, from any other order under this act.”
Family Court Act § 434 provides: "The court shall make an order for temporary child support pending a final determination, in an amount sufficient to meet the needs of the child, without a showing of immediate emergency need. The court shall make an order for temporary child support notwithstanding that information with respect to income and assets of the respondent may be unavailable. Where such information is available, the court may make an award for temporary child support pursuant to the formula set forth in subdivision *359 one of section four hundred thirteen of this article.” Clearly the Legislature intended that an adequate amount of child support be paid for the benefit of the subject child or children during the pendency of the proceeding.
It is disturbing to the court that the Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413) was not applied in arriving at the temporary child support award. When the parties appeared before the Hearing Examiner he was informed that the petitioner was unable to work due to a disability. He was also informed that bills for the marital residence were overdue, including the mortgage. Petitioner was requesting child support as well as spousal support. Tax returns were submitted to the Hearing Examiner and both petitioner and respondent confirmed their W-2 income figures for 1994. Respondent’s gross income for that time period was $38,604.41. Child support under the guidelines would result in a weekly payment of $171.40 per week. The court notes that this figure would still be inadequate to meet the expenses of the petitioner and the parties’ two children. With all of this information available, the Hearing Examiner ordered temporary child support of only $100 per week and he failed to make an award of spousal support.
While petitioner’s attorney requested a temporary award of child support in conformance with the CSSA, the Hearing Examiner replied that the hearing would take place in a little over a month and a final order would be in place then. This does not meet the needs of the children. First, in the space of 7 Vi weeks (the actual time from the appearance of the parties to the next scheduled appearance), the mortgage could well have been foreclosed upon by the bank, jeopardizing the residence of the children. The petition itself was filed on March 8, 1995, so at the time of the Hearing Examiner’s order, almost seven weeks had already expired. And finally, the record of proceeding is not marked in any way to indicate that a hearing was actually to take place on the next scheduled date, especially as counsel has yet to appear on behalf of the respondent.
A temporary order of child support which does not conform to the CSSA will, in the majority of cases, penalize the child for whom support is sought. There are few cases in which application of the CSSA is found to be unjust or inappropriate. That means that this respondent will have to pay accumulated retroactive support when a final order is imposed. In this case if the Hearing Examiner makes a final order at the next *360 court appearance, and presuming the respondent began making temporary payments immediately, he will owe petitioner $1,699.60. That also presupposes that no time elapses between the court appearance and submission and processing of the order.
The court is left with two issues: (1) Can an objection to a temporary child support order be entertained by the court? (2) Should child support be increased to conform to the CSSA guidelines?
Although, as discussed above, Family Courts have been unwilling to review a nonfinal judgment, in this instance there is a clear mandate by the Legislature to see that children are receiving adequate support during the pendency of an action coupled with the threat of prejudice to the children and the petitioner in the event a foreclosure action is commenced or other essential services are terminated. In the given factual situation, it was an abuse of discretion for the Hearing Examiner to award support in an amount which did not conform to the CSSA guidelines. The court therefore concludes that the Legislature did not intend to mandate temporary support payments with no means to enforce them and it is within the discretion of the court to consider an objection to a temporary order and that it is proper to do so in this instance.
In determining whether to modify the temporary order the court has considered the decision of the Appellate Division, Second Department, in the case of Bernstein v Bernstein (213 AD2d 508 [2d Dept, Mar. 20, 1995]) where the Court stated: "As we have repeatedly noted, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse and are to be determined with due regard for the pre-separation standard of living (Byer v Byer, 199 AD2d 298). Moreover, although generally the best remedy for any claimed inequity in a temporary award is a speedy trial, 'the rule is not ironclad when the award is deficient’ (Byer v Byer, supra; Bernstein v Bernstein, 143 AD2d 168, 169).”
The appellate courts have also considered the issue of imposition of the CSSA guidelines on temporary awards and have held application to be proper where sufficient information exists to do so. The First Department noted in the case of Rizzo v Rizzo (163 AD2d 15, 16 [1st Dept 1990]) that although use of CSSA is not mandatory for pendente lite awards "It is, *361 however, within the court’s statutory authority to be guided thereby, and this is being done with increasing frequency” (citations omitted).
Therefore, the court concludes that it is within its discretion to review this objection, and that given the factual situation herein, chooses to do so by conforming the amount of temporary child support with the CSSA.
As to a temporary order for spousal support, the Hearing Examiner did not necessarily err in failing to provide for spousal support; however, even while employed the petitioner earned substantially less than the respondent. Family Court Act § 434-a states: "The court may make an order for temporary spousal support pending a final determination, notwithstanding that information with respect to income and assets of the respondent may be unavailable”. Spousal support appears necessary in this matter and the court orders spousal support payments in the amount of $50 per week.
In conclusion, the court shall order child support payments to be paid by the respondent to the petitioner in the amount of $171.40 per week, and spousal support of $50 per week until further order.