■ In the Matter of MALISSA McKEON, Appellant, v FREDERICK DEDRICK, III, Respondent. [648 NYS2d 749] —Peters, J. Appeal from an order of the Family Court of Greene County (Battisti, Jr., J.), entered September 5, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of respondent's child support obligation.

Pursuant to a modified support order issued in August 1988 (hereinafter the 1988 order), respondent was to pay $150 biweekly for the support of his three children. In October 1988, Family Court suspended the 1988 order until further order since the children changed their residence to be with respondent.* In April 1992, pursuant to an open-court stipulation, a temporary order was issued which set up a detailed custody and visitation schedule and provided that neither party would request child support through September 1, 1993, at which time the custody arrangement would become permanent if no further action was taken. When disputes regarding custody and visitation arose in 1994, respondent's visitation was temporarily suspended. In February 1995, by open-court stipulation, the 1992 custody arrangement was restored and the issue of support was transferred to the Hearing Examiner.

Petitioner commenced the instant proceeding seeking the reactivation of the 1988 order and for an upward modification thereof to place such order in compliance with the Child Support Standards Act *(see,* Family Ct Act § 413). The change in circumstances supporting the request for modification was petitioner's contention that she has regained custody of the children and that their needs and costs of living had significantly increased since the issuance of the 1988 order.

At a hearing, it was determined that petitioner's income had increased from approximately $8,320 in 1988 to her current income of $15,600. As to her present expenses, petitioner testified that the amounts detailed on her current financial

---

* No child support was paid by petitioner during the time that respondent had custody of the children.

disclosure form, except those for food and clothing, reflected her monthly bills for her entire family, now consisting of a husband and three other children. It was further established that the costs associated with other specific needs have either decreased since 1988 or remained the same. Finding no substantial change in circumstances since the issuance of the 1988 order, the Hearing Examiner vacated the suspension of the 1988 order and reinstated it. Further, the Hearing Examiner found respondent to be in arrears in the amount of $3,525, yet gave no direction as to how such amount should be repaid. Petitioner filed objections which were denied by Family Court. This appeal ensued.

Mindful that petitioner sought reinstatement of the 1988 order as well as an upward modification thereof, we conclude that the Hearing Examiner applied the correct standard of review (see, Matter of Slack v Slack, 215 AD2d 798, 799; Matter of Urbach v Krouner, 213 AD2d 833, 835; see also, Family Ct Act § 461 [b] [ii]). Whether petitioner has adequately shown a substantial change in circumstances "is a question best left to the discretion of the lower courts, whose primary goal is, of course, to make a determination based upon the best interests of the children" (Matter of Brescia v Fitts, 56 NY2d 132, 140-141). Notwithstanding petitioner's contentions, we find that she has not adequately sustained her burden.

Before Family Court were petitioner's current financial disclosure statements as well as that submitted in connection with the 1988 order. Although such documents appear to support petitioner's contention that her expenses for the subject children have increased significantly, her testimony belied such contention. Specifically, her grocery expenditures, which appear to have gone from approximately $260 in 1988 to $400 in 1995, were stated to have been reduced by five eighths from her family's estimated monthly bill which ranged between $650 and $700. Although petitioner represented such amount to be $400, our calculations reveal it to be approximately $263 per month, only $3 greater than it was in 1988. Further, petitioner testified that the amount she currently spends for heating fuel, cable expenses and gas expenses, notwithstanding the comparison between the 1988 and current financial statements, was the same as that in 1988. As to her electric expenses, again contradicting the comparison between such financial statements, her testimony revealed that her 1988 expenses were higher. Similar discrepancies were noted in the amounts currently listed for the children's clothing. Moreover, petitioner's rent, utilities and phone bills had actually decreased or

remained substantially the same since 1988. While testimony did, however, reveal that she now paid property taxes, not occurring in 1988, which equaled $200 a month, it also revealed that the $215 monthly day care expenses detailed in the 1988 financial statement had been eliminated.

With the record further revealing that the parties split all fees for the children's musical instruments, their sports registration, and other activities in which the children participate, we find that petitioner's conclusory allegations, not supported by the record, constituted an inadequate showing that the children's needs had increased and that such needs were not adequately being met (*see generally, Matter of McFarlane v McFarlane*, 182 AD2d 1024; *cf., Matter of Kaffenberger v Kaffenberger*, 228 AD2d 743; *Matter of Strack v Strack*, 225 AD2d 872).

We do, however, agree that Family Court should have directed the repayment of the $3,525 arrearage. Since the court has the authority to order that such retroactive amounts be paid in either one lump sum or through a periodic repayment schedule (*see*, Family Ct Act § 451), and since the record indicated that respondent was selling his mobile home, worth approximately $5,000, free of debt, we hereby direct respondent to pay all outstanding arrearages upon the sale thereof (*see, Matter of Villota v Zelenak*, 203 AD2d 370).

Mikoll, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing that respondent pay the full amount of the outstanding arrearages upon the sale of respondent's mobile home, and, as so modified, affirmed.