■ DONALD FORESTER, Appellant, v ELAYNE FORESTER, Respondent. [651 NYS2d 87] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Burrows, J.), dated February 17, 1995, which, *inter alia,* granted those branches of the defendant wife's cross motion which were to (a) direct him to pay $1,150 per week in temporary maintenance, (b) direct him to continue to list his adult daughter as a beneficiary on his life insurance policies, and (c) direct him to continue to provide health insurance coverage for his adult daughter including making available to her the benefits of any professional courtesies extended to him for health care and prescription drugs, and (2) an order of the same court, entered March 17, 1995, which denied his motion for reargument.

Ordered that the appeal from the order entered March 17, 1995, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 17, 1995, is modified, on the law, by deleting the provisions thereof which directed the plaintiff husband to continue to maintain existing life and health insurance policies for the benefit of the parties' adult child and to continue and make available to said child the benefits of any professional courtesies extended to him for

health care and prescription drugs; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant wife is awarded one bill of costs.

It is well settled that a parent has no legal obligation to provide for or contribute to the support of a child over the age of 21 *(see,* Family Ct Act § 413 [1]; Domestic Relations Law § 32 [3]; Social Services Law § 101 [1]; *Bani-Esraili v Lerman,* 69 NY2d 807; *Hirsch v Hirsch,* 142 AD2d 138). Accordingly, it was improper for the court to direct the husband to maintain the parties' adult child as a beneficiary on his life insurance policies and to provide medical benefits for the subject child.

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances *(see, Gitter v Gitter,* 208 AD2d 895). Under the circumstances of this case, we conclude that the pendente lite order of the Supreme Court should not be disturbed on appeal.

We have reviewed the husband's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.