■ In the Matter of DENISE FORTUNATO, Appellant, v JOHN FORTUNATO, Respondent. [662 NYS2d 579] —In a support proceeding pursuant to Family Court Act article 4, the mother ap-

peals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Diamond, J.), dated July 15, 1996, as, upon reargument, adhered to a prior order of the same court, dated November 17, 1995, denying her objections to an order of the same court (Dwyer, H.E.), dated June 9, 1995, which, after a hearing, granted the father's application for a downward modification of his child support obligation on the ground that the parties' son was emancipated, and granted her application for an upward modification only to the extent of directing the father to pay support in the sum of $150 per week for the parties' daughter.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not err in finding that the parties' 20-year-old son was emancipated as of September 1994. Although a parent of a minor child has a continuing obligation to support the child until the age of 21 (*see,* Family Ct Act § 413), emancipation of the child suspends the parent's support obligation (*see, Matter of Commissioner of Social Servs. [Jones] v Jones-Gamble,* 227 AD2d 618; *Matter of Alice C. v Bernard G. C.,* 193 AD2d 97, 105). Children of employable age are emancipated if they become economically independent of their parents through employment, and are self-supporting (*see, Matter of Alice C. v Bernard G. C., supra; see also, Matter of Roe v Doe,* 29 NY2d 188). Here, the record reveals that the parties' son began working an average of 30 to 35 hours per week in August 1994, that he used his earnings to meet all of his personal expenses, including car insurance payments and telephone charges, and that he voluntarily contributed modest sums to his mother for room and board. Moreover, the son was not attending school, and had no plans to save money for tuition or return to college in the immediate future. Under these circumstances, we decline to disturb the court's finding that the son was emancipated.

Furthermore, there is no merit to the mother's claim that newly-discovered evidence of the father's 1995 income warranted a new calculation of the father's support obligation for the parties' daughter upon a theory of either reargument or renewal. In this regard, we note that the father's 1995 W-2 statement, which did not exist at the time of the April 1995 hearing, was not newly-discovered evidence (*see, Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *Chiarella v Quitoni,* 178 AD2d 502), and that the Family Court's June 1995 support award was properly based upon the father's 1994 income (*see,* Family Ct Act § 413 [1] [b] [5] [i]). Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.