■ In the Matter of PATRICIA HORAN, Respondent, v JOHN HORAN, Appellant. [719 NYS2d 669] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Clark, H.E.), dated July 8, 1999, which, after a hearing, granted the mother's cross petition to enforce a child support order dated October 6, 1998, and directed him to pay child support arrears of $8,997.50 for the parties' three children from January 29, 1999, through July 8, 1999, (2) an order of the same court, also dated July 8, 1999, which dismissed his petition for downward modification of his child support obligation, and (3) an order of the same court (Lubow, J.), dated June 6, 2000, which denied his objections to the orders dated July 8, 1999.

Ordered that the appeals from the orders dated July 8, 1999, are dismissed, without costs or disbursements, as those orders were superseded by the order dated June 6, 2000; and it is further,

Ordered that the order dated June 6, 2000, is modified by deleting the provision thereof denying the objections to the order dated July 8, 1999, granting the cross petition, and substituting therefor a provision sustaining the objections to the order dated July 8, 1999, granting the cross petition to the extent of directing a hearing to determine whether, under the terms of the parties' separation agreement and any modifications thereto, the father was obligated to pay child support when the children attained the age of 21 and, if not, for a recalculation of the child support owed by the father as of March 22, 1999, the date that the parties' son, Michael, attained majority, and for a recalculation of the arrears owed by the father from March 22, 1999, through July 7, 1999; as so modified, the order dated June 6, 2000, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

The Family Court properly dismissed the father's petition, as the father failed to establish a change in circumstances warranting a downward modification of his child support obligation (*see, Matter of Cangro v Cangro,* 272 AD2d 286; *Matter of Ferrante v Ferrante,* 260 AD2d 576; *Matter of Stroschine v Ro-*

*man,* 258 AD2d 466; *Matter of Heverin v Sackel,* 239 AD2d 418).

The parties, however, have three children and their son Michael attained the age of 21 on March 22, 1999, during the pendency of the proceeding. The Family Court granted the mother's cross petition to require the father to pay continued child support of $952.50 semimonthly for all three children as of January 29, 1999, and granted her an award of arrears for all three children from January 29, 1999, through July 8, 1999.

The parties' separation agreement and any modifications thereto are not part of the appellate record, which precludes any appellate determination of the issue concerning the father's continued child support obligation toward Michael as of March 22, 1999. While the father's obligation for arrears and child support for all three children during the period January 29, 1999, through March 21, 1999, remains unaffected, the Family Court should determine, based on the parties' separation agreement and any modifications thereto, whether the father remains responsible for the continued support of the children when they attain the age of 21. If the father is not so obligated, then the Family Court should determine the father's appropriate child support obligation with respect to the remaining two children as of March 22, 1999, and recalculate the arrears award from March 22, 1999, through July 7, 1999, to exclude Michael's share of child support (*see, Matter of Fortunato v Fortunato,* 242 AD2d 720; *Matter of Alice C. v Bernard G. C.,* 193 AD2d 97, 105; *Hoffman v Hoffman,* 122 AD2d 583). Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.