■ In the Matter of LAURIE REIGADA, Appellant, v EDWARD RINKER, Respondent. (And Another Related Proceeding.) [817 NYS2d 690]—

Carpinello, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered April 26, 2005, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, to modify a prior order of child support and to find respondent in violation of said order.

At issue is the dismissal of two proceedings brought by

---

petitioner against respondent. The first proceeding sought to modify her court-ordered child support obligation on the ground that the parties' youngest child was emancipated. The second proceeding sought to hold respondent in contempt for his alleged willful failure to provide health insurance for their children, pay child support after a certain date and reimburse her for various medical expenses. Both proceedings were properly dismissed following a hearing.

With respect to the modification proceeding, petitioner failed to meet her burden of establishing that the parties' daughter was emancipated so as to terminate her child support obligation (*see Matter of Adamchick v Adamchick*, 136 AD2d 847, 848 [1988], *lv denied* 72 NY2d 804 [1988]; *cf. Matter of Fortunato v Fortunato*, 242 AD2d 720 [1997]). Respondent's uncontroverted testimony on this issue established that the daughter, then 19 years old, still resided with him while working part time at a local department store and that he continued to provide her with food, shelter and clothing. According to respondent, although she was not attending school at that time, she planned on doing so within the next year. To this end, while petitioner claimed that the daughter had a "state degree in cosmetology," respondent clarified that she had some training in this field but had yet to finish it so as to get certified.

Moreover, while petitioner pointed out that the daughter purchased her own vehicle, respondent clarified that she accomplished this through a loan cosigned by another family member and that she pays for the loan, as well as insurance and gas, through her part-time earnings. He otherwise fully financially supports her (*cf. Matter of Fortunato v Fortunato, supra*). In short, the proof fell woefully short of establishing economic independence on the part of the parties' daughter (*see Matter of Holscher v Holscher*, 4 AD3d 629, 630 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Bogin v Goodrich*, 265 AD2d 779, 781 [1999]), and therefore we will not disturb Family Court's dismissal of the modification proceeding.

As to the violation proceeding, petitioner failed to establish that orders were in fact in place requiring respondent to provide health insurance or child support for any child. With respect to petitioner's claim that respondent failed to reimburse her for alleged medical expenses, respondent's testimony, credited by the Support Magistrate, established that he had never received any bills or receipts from her concerning these alleged expenses.* This was fatal to her contempt application (*see Somerville v*

---

* Of note, petitioner failed to introduce documentary evidence regarding these alleged unpaid expenses.

*Somerville*, 26 AD3d 647 [2006]), thus warranting dismissal of that proceeding as well.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.