In the Matter of CARRIE FISHER, Respondent, v CRAIG R. FRITZSCH, Appellant. [827 NYS2d 732]—

Peters, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered September 30, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of child support.

Petitioner and respondent, never married, had one child, Justin (born in 1985). In 1989, petitioner obtained an order for custody, visitation and support, pursuant to which respondent paid $40 per week in child support. In 1998, the parties entered into a stipulation before a hearing examiner in Franklin County to raise that amount to $75 per week. In May 2003, the support was increased to $84 by the Saratoga County Support Collection Unit pursuant to a cost of living adjustment. In September 2004, respondent filed a petition for modification, resulting in a January 2005 order finding that Justin was emancipated for a 15-week period. It otherwise ordered that all other aspects of the prior support order remain intact.

In February 2005, petitioner commenced this proceeding for an upward modification, triggering a cross petition by respondent for a termination of support based upon Justin's alleged emancipation. After a trial before the Support Magistrate, petitioner was found to have demonstrated a substantial change in circumstances warranting an upward modification. Income was imputed to both parties and, in relying upon the Child Support Standards Act (see Family Ct Act § 413), respondent was ordered to pay $157 per week in child support, plus 72% of Justin's medical expenses. Respondent filed a lengthy list of objections which were denied by Family Court. Respondent appeals.

We agree with Family Court that the Support Magistrate ap-

propriately determined petitioner's application based upon a substantial change in circumstances (*see Matter of Brescia v Fitts*, 56 NY2d 132, 141 [1982]; *Matter of Blasdell v Steiner*, 14 AD3d 898, 899 [2005]; *Matter of Mulligan v Mulligan*, 291 AD2d 677, 679 [2002]; *Matter of McKeon v Dedrick*, 232 AD2d 792, 793 [1996], *lv denied* 89 NY2d 817 [1997])—a determination best left to its discretion based on the best interests of the child (*see Matter of McKeon v Dedrick, supra* at 793). Here, petitioner alleged that she is unemployed and that Justin is enrolled in college necessitating various expenses which she is unable to meet. Finding that the determination was made after consideration of numerous relevant factors (*see Matter of Brescia v Fitts, supra* at 141), Family Court correctly denied respondent's objections stemming from this issue.

Nor do we find error in the date used by the Support Magistrate to measure the change in circumstances. Having to consider both the circumstances as they existed at the time of the prior award and at the time that the application is made (*see id.*), the record shows that the last support order was in 1998 (*accord Matter of Mulligan v Mulligan, supra* at 679). Contrary to respondent's contention, the January 2005 order solely addressed whether Justin was emancipated for a 15-week period; all other aspects of the prior order were continued.

Concerning the income imputed to petitioner, we recognize, as has respondent, that such income may be imputed based upon her prior employment experiences and as well as her future earning capacity judged by, among other things, her educational background (*see Matter of Bianchi v Breakell*, 23 AD3d 947, 949 [2005]; *Matter of Bosshold v Bryant-Bosshold*, 243 AD2d 857, 858 [1997]). Although petitioner has a law degree, it was undisputed that she never passed the bar exam or had employment as an attorney. Accordingly, it was within the Support Magistrate's discretion not to factor in the law degree when determining petitioner's earning capacity.

Next addressing the claimed procedural errors, we note that objections from nonfinal orders made by a Support Magistrate are typically not reviewed unless they could lead to irreparable harm (*see McGrath v McGrath*, 166 Misc 2d 512, 513 [1995]; *Matter of Burry v Raisbeck*, 159 Misc 2d 488, 489 [1993]). The order to which respondent objected was a June 2005 order directing him to produce copies of his tax returns for the previous two years. Since these documents were relevant to the modification proceeding, there could be no claim of irreparable harm, especially since respondent ultimately flouted the court's order. As the remaining procedural arguments regarding the

other interlocutory orders are either wholly without support or fail to demonstrate irreparable harm, we decline further review. Moreover, as there is no mandate requiring that transcripts from a Support Magistrate hearing be produced prior to a review of objections (*see* Family Ct Act § 439), respondent's objection thereto was properly denied.

Nor do we find an abuse of discretion in the dismissal of respondent's modification petition based upon Justin's alleged emancipation. The record reflects that Justin continues to reside with petitioner while attending college full time. Further reviewing Justin's work history, we agree that it does not rise to the level of economic independence (*see Matter of Reigada v Rinker*, 30 AD3d 716, 717 [2006]; *Matter of Holscher v Holscher*, 4 AD3d 629, 630 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Bogin v Goodrich*, 265 AD2d 779, 781 [1999]). With no evidence that emancipation should be declared on the ground of withdrawal from parental supervision (*see Matter of Holscher v Holscher, supra* at 631), we affirm the order in its entirety.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.