Matter of T.K. v K.K. (2007 NY Slip Op 51122(U))

[*1]

Matter of T.K. v K.K.

2007 NY Slip Op 51122(U) [15 Misc 3d 1142(A)]

Decided on May 30, 2007

Family Court, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through July 2, 2007; it will not be published in the printed Official Reports.

Decided on May 30, 2007

Family Court, Onondaga County
In the Matter of the Proceeding of T.K., Petitioner
against
K.K., Respondent.
xx-07

Thomas E. O'Bryan, Esq., for petitioner; C. Samuel Beardsley, Esq. for respondent.

Michael L. Hanuszczak, J.
On March 29, 2007, the attorney for the respondent filed "Objections" in connection with the "Decision/Order," filed and entered on March 6, 2007. An Affidavit of Service has been filed with the Court, indicating proper service of the Objections upon the attorney for the petitioner. On April 6, 2007, the Court directed the attorney for the respondent to file a transcript of the support hearing with the Court and to provide a copy to opposing counsel. The Court also granted the attorney for the petitioner additional time to file a rebuttal, directing that any such rebuttal be received within 13 days of the receipt of the transcript. On May 9, 2007, the Court received a copy of the transcript. On May 23, 2007, the Court received "Rebuttal to Objections" from the attorney for the petitioner.
On October 5, 2006, the petitioner filed a petition seeking to modify and enforce the Support Order, filed and entered on January 4, 2005 in which the parties stipulated to a downward modification of child support from $230.00 per week to $190.00 per week through the Support Collection Unit by income deduction, based upon the parties' sharing custody of the minor child. The petitioner later withdrew his enforcement petition and it was dismissed without prejudice in the Order of Dismissal, filed and entered on February 7, 2007.
The matter proceeded to trial before the Support Magistrate on February 7, 2007; the parties each appearing together with their respective attorneys.
In the Decision/Order, filed and entered on March 6, 2007, the Support Magistrate made the following findings: (1) there has been a change in circumstances since the prior Order in that the parties' son now resides with his father for two weeks and then with his mother for one week, and this is a change from the parties' prior custodial arrangement in which the child resided with each parent for one week; (2) the father provides for many of his son's expenses, including food and clothing when the child is with him and his expensive extracurricular activities; (3) the [*2][*3]mother provides clothing for her son as the child does not bring any clothing with him from his father's home when he resides with her as well as money for her son's recreation; (4) the mother's food expenses have decreased since her son increased his residential time with his father; (5) the parties' daughter is now attending and residing at LeMoyne College and both parties have contributed to her college expenses; that the father is paying for all of her needs at college; (6) when not attending college, the daughter resides with both her mother and father; (7) the father earned $62,830.00 in 2006 and the mother is currently earning $440.00 per week; (8) under the Child Support Standards Act (CSSA), the presumptively correct child support amount for one child would be $73.00 per week and the mother would be responsible to pay this amount to the father for the support of their son; (9) under the CSSA, the presumptively correct child support amount for the daughter would be $115.00 per week and the father would be responsible to pay this amount to the mother if she were to be designated the custodial parent.
Based upon these findings, the Support Magistrate concluded that the parties' son resides primarily with his father and that there is no primary custodial parent for the parties' daughter. The Support Magistrate further concluded that the neither of the parties should have a child support obligation. The father's support obligation was terminated, effective October 5, 2006 which is the filing date of the petition.
The attorney for the mother objects, making the following arguments: (1) the mother is the custodial parent for the parties' daughter, providing shelter, utilities, food, clothing, and transportation at home and food and extras each week for the college dormitory room which is in Syracuse; (2) the father's signature as a co-signer on a college loan for his daughter does not equate to the provision of child support; (3) the father's expenditures for sports activities should not be considered child support; (4) even though the parties' son resides with his father for two weeks out of every three, the mother is still obligated to provide for his basic support when he resides with her plus his clothing for whenever he is with her; and (5) the father's annual income has increased more than 18% since the time of the 2004 support order and his wife makes financial contributions to his household expenses
In his Rebuttal, the attorney for the petitioner makes the following arguments: (1) the parties' daughter spends at least half her time with the father, and he has made substantial financial contributions to her college expenditures; (2) the parties' son resides with the father two-thirds of the time; and (3) the father takes his son to his sporting activities and pays all expenses because the mother does not approve of the son's participation in lacrosse or hockey.
The undisputed evidence shows that the father is now the primary custodial parent of the parties' son, and this is a change of circumstances such that the Court was justified in modifying the order of support.
The evidence shows that the parties' daughter is now attending LeMoyne College in Syracuse and living on campus. Although the parties' testimony was at variance about the amount of time that the daughter spends with each of them, the mother's testimony was detailed about the amount of time that her daughter resides with her and she also stated that their daughter had not spent over seven days with her father in the past year. In contrast, the father was vague in his assertion that his daughter resided with him "more than half the time." Accordingly, this Court finds that the mother is the primary custodial parent of the parties' daughter.
Decisional law holds that a college student who lives on campus is not emancipated and [*4][*5]the custodial parent is entitled to child support from the non-custodial parent. (Fisher v. Fritzsch, 35 AD3d 1146.) In addition, a parent who co-signs an educational loan for the child will not receive credit against the child support obligation for the value of the loan. (Kent v. Kent, 29 AD3d 123.)
Therefore, the Court concludes that the mother is the custodial parent of the parties' daughter and the father is the custodial parent of the parties' son.[FN1] The child support obligations for the parents are calculated using the "split custody" method. (Scomello v. Scomello, 260 AD2d 483.)
Father's 2006 gross income from W-2 form$62,829.96
 Social Security/Medicare actual payments from W-2 form- 4,806.49
Father's CSSA adjusted income$58,023.47
Mother's Annual income ($440.00 per week)[FN2]$22,880.00
 Social Security/Medicare (22,880 x .0765)- 1,750.32
Mother's CSSA adjusted income:$21,129.68
Combined CSSA income$79,153.15
Father's proportionate share of combined income73%
Mother's proportionate share or combined income27%
CSSA percentage for each of two children17%
Father's support obligation for daughter (17% x 79,153.15 x 73%)$9,822.91 per year
$188.90 per weekMother's support obligation for son (17% x 79,153.15 x 27%)$3,633.13 per year
$69.87 per week
Net child support obligation:
 Father's weekly support obligation for daughter$188.90
 Mother's weekly support obligation for sonminus$69.87
 Father's weekly support obligation$119.03
The Court finds that the father owes $119.00 per week in child support for his daughter after the mother's support obligation for her son of $69.87 is deducted.
The attorney for the mother argues that the income of the father's current wife should be considered as a financial resource available to him for the purposes of child support, but the Court will not impute this income to the father. (Weber v. Coffey, 230 AD2d 865.)
[*6][*7]
The attorney for the father argues that the father should be reimbursed by the mother for a portion of the expenditures for sports activities that he makes on behalf of the parties' son. The father testified that his son is involved in lacrosse, hockey, and snow boarding and that he was solely responsible for paying expenditures of at least $4,200.00 for sporting equipment, skills clinics, team registrations, and travel/hotel for tournaments. Child support is intended to provide the basic necessities such as food, shelter, and clothing. Section 413 of the Family Court Act also authorizes the Court to direct the payment of certain "add-on" expenditures for child care and education. A parent may choose to provide extras, such as sports activities, but that decision does not warrant compensation through the child support obligation. (Vuoncino v. Fuhrman, 3 Misc 3d 291.)
Additionally, although the Court may grant a non-custodial parent credit against the support obligation for contributions actually paid toward college expenses, the circumstances of this case do not merit such a credit since the father has provided relatively small sums (approximately $625.00 for books and a college application fee) to his daughter and since his expenditures for his son's sporting activities demonstrate that he is financially able to make contributions to his daughter's education.
Accordingly, the respondent's Objections are granted and the "Decision/Order," filed and entered on March 6, 2007, is continued except as modified in the following decretal paragraphs.
ORDERED, that effective October 5, 2006, the father is to pay to the mother through the Onondaga County Support Collection Unit via wage deduction, the sum of $119.00 per week for the basic support of A.K., date of birth 1988. The Support Collection Unit shall calculate the amount of any child support arrears owed by the father and shall collect an additional $25.00 per week until the arrears are paid in full; and it is further
ORDERED, that as of October 6, 2006, the father shall pay 73% and the mother shall pay 27% of any added cost to cover the children on health insurance and any uncovered health care expenses for the children within 30 days of receipt from the other party.
So Ordered.

Footnotes

Footnote 1:While not affecting the outcome of this Objection, the Court's findings are validated by information concerning the residences of the children which came before this Court in a recent custody proceeding involving these parties.

Footnote 2: The salary number from the mother's new employment is used in the child support calculations since she testified that she had assumed a new, full-time position and since her past year's employment was partly composed of salary plus unemployment compensation.