■ MICHAEL J. ABRAMS, Appellant, v ANTONETTA ABRAMS, Respondent. [870 NYS2d 401]—

"The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]; *see Scarlett v Scarlett*, 35 AD3d 710 [2006]). With this principle in mind, and under the circumstances of this case, the trial court properly awarded the former wife (hereinafter the wife) maintenance, but it improvidently exercised its discretion in extending the duration of the maintenance award beyond five years. Based upon the evidence adduced, we conclude that an award in the sum of $2,500 per month for five years is appropriate in this case (*see Griggs v Griggs*, 44 AD3d 710 [2007]; *Sirgant v Sirgant*, 43 AD3d 1034 [2007]).

The former husband (hereinafter the husband) correctly contends that he is entitled to a portion of the proceeds of a home equity loan that the wife obtained with respect to certain investment residential property, especially in light of the wife's inability to testify with specificity as to how she spent the proceeds of that loan. This suggests that the wife dissipated these marital assets in contemplation of divorce (*see Xikis v Xikis*, 43 AD3d 1040 [2007]). Thus, the judgment must be modified to award the husband a credit in the sum of $15,215.57, which represents his share of the proceeds of that loan, after accounting for the taxes paid by the wife on both the marital residence and the investment residential property. The husband's

contentions as to certain other credits which the Supreme Court allegedly failed to award him are unpreserved for appellate review since he did not request this relief before that court (*see Hildreth-Henry v Henry*, 27 AD3d 419 [2006]; *Fascaldi v Fascaldi*, 209 AD2d 576 [1994]).

The judgment must be further modified to delete the provision directing the husband to transfer one half of his stock options to an account in the name of the wife, and instead awarding the wife a credit in the sum of $825, which represents one half of the value of those options upon liquidation. In addition, the provision directing the husband to turn over, to the wife, one half of the savings bonds he purchased during his employment with LILCO/Keyspan must be deleted, and we instead award the wife a credit in the sum of $500, representing one half of the proceeds from the sale of those savings bonds. These modifications are made in view of the fact that the subject savings bonds have already been sold, and the subject stock options have already been liquidated.

Finally, we note that a parent has no legal obligation to provide for or contribute to the support of a child over the age of 21 (*see Forester v Forester*, 234 AD2d 264 [1996]; Family Ct Act § 413 [1]), or a child who is emancipated (*see Matter of Fortunato v Fortunato*, 242 AD2d 720 [1997]). Therefore, the court erred in failing to direct that the husband need only maintain the child as a beneficiary on his life insurance policy until the child reaches the age of 21 or is sooner emancipated (*see Forester v Forester*, 234 AD2d 264 [1996]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.