[907 NYS2d 595]

In the Matter of the Guardianship of JON Z.

Surrogate Court, Broome County, August 17, 2010

## APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson, LLP*, Binghamton (*Alyssa M. Barreiro* and *Albert B. Kukol* of counsel), coguardians. *Douglas*

*Walter Drazen*, Binghamton, for Alan Z. *Robert Beehm*, Binghamton, for Caren Z. *Mental Hygiene Legal Service*, Binghamton (*April Smith* of counsel), for Jon Z.

### OPINION OF THE COURT

EUGENE E. PECKHAM, J.

Before the court is a petition by Alyssa M. Barreiro, Esq. and Albert B. Kukol, Esq. as coguardians under SCPA article 17-A of Jon Z., for payment of fees and expenses for their services as coguardians. Also pending is a cross motion by Caren Z., mother of Jon Z., for any payment to the coguardians to be paid out of Jon Z. Trust Number One, a supplemental needs trust, dated April 5, 1997, established for Jon Z.'s benefit, which contains $139,000 (Caren Z. affidavit dated Nov. 24, 2009). A hearing was held on these petitions on July 6, 2010 and the interested parties were given time in a scheduling order, dated July 7, 2010, to file affidavits and briefs until August 3, 2010.

Jon Z. is autistic and is now 22 years old. Caren Z. and Jon Z.'s father, Alan Z., are divorced. As more fully detailed in this court's prior decision in this matter, due to the extreme acrimony and inability to cooperate for Jon Z.'s benefit of his mother and father, they were removed as his coguardians and the present independent coguardians were appointed. (*Matter of Jon Z.*, 24 Misc 3d 1240[A], 2009 NY Slip Op 51821[U] [2009].) In the court's opinion, these facts constitute the compelling and extraordinary circumstances requiring the appointment of attorneys as independent coguardians. (*See* Rules of Chief Judge [22 NYCRR] § 36.2 [c] [8].)

Inasmuch as Jon Z. is over 21, his parents are no longer obligated to pay for his support. (Domestic Relations Law § 236 [B] [1] [f]; § 240 [1-b] [b] [2]; Social Services Law § 101 [1]; *Forester v Forester*, 234 AD2d 264 [2d Dept 1996].) The parents' divorce decree provides for payment of child support and medical expenses for Jon Z. until age 21 with Alan Z. liable for 85% of such expenses and Caren Z. for 15% (Broome County index No. 99-001965). Since Jon Z. is now over 21 he now receives Supplemental Security Income and Medicaid. Insofar as the commissions and legal fees of the coguardians are a form of support for Jon Z., his mother and father are not obligated to pay for it.

SCPA 2307 provides as follows regarding fees and commissions of article 17-A guardians:

"3. In addition to the compensation hereinbefore

provided the court may allow to the guardian of the person a sum of money to be fixed by it and paid by the guardian of the property out of the funds in his hands as compensation for services of the guardian of the person up to the time of the allowance.

"4. If a guardian is required to receive income and pay it over and files an annual account as required by 1719 of all his receipts and disbursements, he shall be allowed and may retain the same commission on the amount of income so accounted for as he would be allowed upon principal on a judicial settlement."

The annual account filed by the coguardians for 2009 shows no income. Thus, commissions are inapplicable. SCPA 2307 (3) provides that the court may allow compensation to the guardian of the person out of funds of the ward in the hands of the guardian of the property, but the annual account shows only $773.48 on hand.

However, EPTL 7-1.12 (b) (5) (ii) provides that assets may be paid out of a supplemental needs trust provided they do not "supplant, impair or diminish government benefits or assistance for which the beneficiary may otherwise be eligible." The supplemental needs trust for Jon Z. so provides in paragraph SECOND (B) (1). The cases have routinely held that legal fees may be paid out of a supplemental needs trust. (*Matter of Arnold O.*, 279 AD2d 774 [3d Dept 2001]; *Matter of Pineda*, NYLJ, May 28, 1997, at 26, col 3 [Sup Ct, NY County]; *Matter of Michael A.D.*, NYLJ, Dec. 3, 2009, at 35, col 6 [Sur Ct, Bronx County]; *Matter of Pepe*, NYLJ, Dec. 26, 2007, at 38, col 4 [Sur Ct, Suffolk County].)

In both *Arnold O.* and *Pineda*, which are Mental Hygiene Law article 81 cases, the court carefully separated the legal services and the guardianship services provided by the attorney guardian. The legal services were allowed at a higher rate than the guardianship services. The guardianship services would be the same as guardian of the person services. In *Pineda*, the guardian of the person services were compensated at $90 per hour and in *Arnold O.* at $100 per hour. In both cases, both the legal services and the guardianship services were ordered to be paid out of the supplemental needs trust.

Despite the fact that *Arnold O.* and *Pineda* are both article 81 guardianships, the services of the guardians under an SCPA article 17-A guardianship are essentially the same. Therefore,

the court sees no reason why the legal services and the guardian of the person services of article 17-A guardians should not also both be paid out of Jon Z.'s supplemental needs trust. (*See Matter of Derek*, 12 Misc 3d 1132 [Sur Ct, Broome County 2006]; *Matter of B.*, 190 Misc 2d 581 [Tompkins County Ct 2002].)

The Court of Appeals has held that the Surrogate has the authority to review the reasonableness of attorney's fees. (*Matter of Stortecky v Mazzone*, 85 NY2d 518 [1995].)

> "Reasonableness is determined on a quantum meruit basis using generally recognized criteria, namely the time spent in rendering the legal services, the nature of those services, the difficulties encountered, the worth of the estate, the results obtained, the amount involved, and the professional standing of counsel (*Matter of Freeman*, 34 NY2d 1; *Matter of Potts*, 123 Misc 346, aff'd 213 AD 59, aff'd 241 NY 593)." (*Matter of Pepe, supra*.)

The court has reviewed the updated fee application with attached time records up to May 31, 2010 submitted by the coguardians by affirmation dated June 10, 2010. In *Arnold O.*, the court considered in its decision the severe problems of the ward and also that the guardian's job was rendered more difficult because members of the family "subjected petitioner and the health care professionals . . . to 'a constant barrage of threats, insults and complaints.'" (279 AD2d at 775.) Similarly, here, the coguardians have been barraged by the parents with complaints, phone calls and e-mails. The coguardians have rendered extraordinary services, particularly where it was necessary to make the difficult decision to change Jon Z.'s residence from his mother's to his father's because Caren Z. was discovered to be giving Jon Z. unauthorized medication, not prescribed by his doctors. The coguardians' standing and experience in guardianship matters is extensive and of the highest order.

The review of the time records shows 57.66 hours of legal services, 228.5 hours of guardianship services and 143.25 hours of paralegal services. Considering the *Potts* and *Freeman* factors, the usual charge for legal services in this area and the relatively limited size of Jon Z.'s trust, the court holds the coguardians shall be compensated at the rate of $200 per hour for legal services, $100 per hour for guardianship services and $50 per hour for paralegal services. Certain duplicated services and disbursements that should be included in overhead have been eliminated.

The motion for preclusion filed by the attorney for Alan Z. is denied. The interrogatories have been answered. Furthermore, the decision herein renders the information requested in the interrogatories unnecessary and moot.

It is therefore ordered that the coguardians shall be paid $41,500 plus $372 for disbursements for a total of $41,872; and it is further ordered that Alan Z., Barry Z. and Caren Z., as trustees, shall pay said amount to the coguardians from the Jon Z. Trust Number One within 30 days of the date hereof; and it is further ordered that the coguardians may submit an additional affidavit for services up to date.