Matter of Carmen R. v Luis I. (2018 NY Slip Op 02422)





Matter of Carmen R. v Luis I.


2018 NY Slip Op 02422


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton JJ.


5833

[*1]In re Carmen R., Petitioner-Appellant,
v
Luis I., Respondent-Respondent. 
Her Justice and Sanctuary for Families, Amici Curiae.


Orrick, Herrington & Sutcliffe LLP, New York (Rene Kathawala of counsel), for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
Segal & Greenberg LLP, New York (Philip C. Segal of counsel), for amici curiae.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about June 5, 2017, which denied petitioner mother's objections to the findings of fact of a Support Magistrate, who, upon the finding that respondent father willfully violated a child support order, deferred the issue of whether to incarcerate him to a post-dispositional hearing, unanimously reversed, on the law, without costs, the mother's objections sustained, and the matter remanded to the Support Magistrate for a final order of disposition, to the extent that this has not already occurred.[FN1]
Even though the order appealed from appears to have been superseded by a final order of the Family Court issued after the mother filed her notice of appeal, we find that the mother's appeal is not moot. The issues raised by the mother on appeal are whether the Support Magistrate, without any legal authority, properly ordered a "post-dispositional hearing" to decide whether to recommend incarceration for the father's willful violation of a child support order, and whether the mother's objections to the support magistrate's fact-finding order were properly denied. These issues are not only capable of repetition, but likely to evade review, given that the Family Court's denial of the mother's objections left her with no recourse to challenge the Support Magistrate's decision to delay issuing a recommendation as to incarcerating the father for his willful failure to comply with the support order (see generally Matter of Hearst Corp. v Clyne , 50 NY2d 707, 713-715 [1980]). Moreover, the mother's appeal implicates substantial and novel issues regarding proper child support enforcement proceedings where a finding of willful violation has been entered against a parent (id. ).
Turning to the merits, we agree with the mother that the Support Magistrate acted outside the bounds of his authority when, after issuing a written fact-finding order in which he determined that the father had willfully violated a child support order, he deferred the issue of a recommendation as to the father's incarceration to a "post-dispositional hearing." The Support Magistrate's decision contravened Family Court Rule § 205.43(g)(3), which states that, upon a [*2]finding of willful violation, the findings of fact shall include "a recommendation whether the sanction of incarceration is recommended," and Rule § 205.43(f), which requires that the written findings be issued within five court days after completion of the hearing. Here, instead of issuing such recommendation in his March 7, 2017 fact-finding order after completion of the hearing on the violation petition that day, the Support Magistrate improperly set the matter down for "post-dispositional review" to commence on May 1, 2017, 54 days later. That hearing lasted several months. During this time, the father continued to violate the support order. The Family Court then compounded the Support Magistrate's error of law by denying the mother's objections as premature, leaving her with no recourse to effectively challenge the further delay that ensued.
The Family Court denied the mother's objections to the Support Magistrate's fact-finding order because it found that the order was not "final." The order cited Family Court Act Section 439(e), which permits objections to a "final" order of a Support Magistrate, and Section 439(a), which provides that a "determination by a Support Magistrate that a person is in willful violation of an order . . . and that recommends commitment . . . shall have no force and effect until confirmed by a judge of the court." This was error. First, under the plain language of the statute, the Support Magistrate's fact-finding order was not an order that "shall have no force and effect until confirmed by a judge of the court," since it did not recommend incarceration. The Support Magistrate's failure to make a recommendation as to incarceration upon his finding of willfulness essentially constituted a recommendation against incarceration, since the mother could not seek that remedy without a recommendation from the Support Magistrate. Moreover, the parties were entitled to a complete written fact-finding order, including a recommendation as to incarceration, within five court days following completion of the hearing on the mother's violation petition (22 NYCRR § 205.43[f], [g]). Accordingly, the Family Court should have considered the mother's objections, and, upon doing so, should have exercised its authority to remand the matter to the Support Magistrate for an immediate recommendation as to incarceration, or to make, with or without holding a new hearing, its own findings of fact and order based on the record (Family Court Act § 439[e]).
The Family Court's order cited to trial court cases finding that Family Court may consider objections to nonfinal orders where irreparable harm would result from denial of permission to file such objections (see McGrath v McGrath , 166 Misc 2d 512 [Fam Ct, Erie Co 1995]; Matter of Heinlein v Heinlein , 165 Misc 2d 357 [Fam Ct, Monroe Co 1995]). It nevertheless found that "a delay in the disposition of a violation of child support petition is not an irreparable harm." However, under the circumstances of this case, the mother has made a prima facie showing that she suffered irreparable harm. A litigant has a right to bring a violation petition to an expeditious final disposition (Family Court Act § 439-a). The mother was deprived of the "expedited
process" guaranteed by statute and the Family Court Rules when the support magistrate conducted protracted unauthorized "post-dispositional" proceedings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK



Footnotes

Footnote 1:The father's counsel states in his appellate brief that the support magistrate issued a fact-finding order dated July 12, 2017 recommending a suspended six-month sentence, and that a Family Court order dated July 12, 2017 confirmed this recommendation. However, since those orders were issued after the mother filed her appellate brief and are not included in the appellate record, we cannot consider them.