Matter of Tobing v May (2019 NY Slip Op 00286)





Matter of Tobing v May


2019 NY Slip Op 00286


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07783
 (Docket Nos. F-2783-16/16A/16B, V-10263-14/16B)

[*1]In the Matter of Joanna L. Tobing, appellant,
v
Bruce May, respondent.


Joanna L. Tobing, Mamaroneck, NY, appellant pro se.
Bruce May, New Rochelle, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated June 30, 2017. The order, insofar as appealed from, granted the father's objections to an order of the same court (Esther R. Furman, S.M.) dated March 10, 2017, which, in effect, denied his motion to dismiss the mother's petitions, inter alia, for upward modification of the father's child support obligation.
ORDERED that the order dated June 30, 2017, is reversed insofar as appealed from, with costs, and the father's objections are denied.
On December 8, 2009, the parties entered into a stipulation of settlement on the record, which resolved, inter alia, the issue of child support for the parties' two children, and which was incorporated but not merged into an amended judgment of divorce. Subsequently, the parties executed a so-ordered stipulation entered on July 20, 2015, in which they agreed, among other things, that "at any and all times prior to either party filing any Petition and/or Motion in the Family Court, they shall first submit all issues to [m]ediation," and that if the mother "feels, after an absolute good faith effort at mediation, that the mediation does not resolve the issues brought and wishes to go to the Family Court, she shall first seek the approval of the Family Court."
On or about February 16, 2016, the mother filed a petition to enforce the provisions of the parties' stipulation of settlement and amended judgment of divorce governing college expenses and health care expenses, and a petition for upward modification of the father's child support obligation. The father moved to dismiss the mother's petitions, alleging that the mother failed to comply with the conditions precedent to filing a petition in the Family Court as set forth in the so-ordered stipulation entered on July 20, 2015. In an order dated March 10, 2017, the Support Magistrate, in effect, denied the father's motion to dismiss the mother's petitions, finding that the mother had "met her threshold requirements" to file the petitions and that she was entitled to a hearing. The father filed objections to the Support Magistrate's order, and in an order dated June 30, 2017, the Family Court, inter alia, granted the father's objections. The mother appeals.
Pursuant to Family Court Act § 439(e), "[s]pecific, written objections to a final order of a support magistrate may be filed by either party with the court within thirty days after receipt of the order." "[O]bjections from nonfinal orders made by a Support Magistrate are typically not [*2]reviewed unless they could lead to irreparable harm" (Matter of Fisher v Fritzch, 35 AD3d 1146, 1147; see Family Ct Act § 439[e]; Matter of Carmen R. v Luis I., 160 AD3d 460, 462). Here, the father's claim that he would be forced to incur attorney fees and spend time away from work litigating a case that would ultimately be dismissed does not rise to the level of irreparable harm (see Matter of Fisher v Fritzsch, 35 AD3d at 1147; see generally Mar v Liquid Mgt. Partners, LLC, 62 AD3d 762, 763; cf. Matter of Carmen R. V Luis I., 160 AD3d 460; McGrath v McGrath, 166 Misc 2d 512 [Fam Ct, Erie County). Therefore, the Family Court should have denied the father's objections to the Support Magistrate's nonfinal order.
BALKIN, J.P., LEVENTHAL, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court